Amy J. Wallace
State Bar of Arizona #009581
GILLESPIE, SHIELDS & DURRANT
7319 North 16th Street, Suite 100
Phoenix, Arizona 85020-5262
Telephone: (602) 870-9700
Fax:  (602) 870-9783
Email: awallace@gillaw.com

Attorneys for Plaintiffs

Send Court Documents to:
mailroom@gillaw.com

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

|  |  |
|---|---|
| Timothy Hicks, Durwood Tallsalt<br>Plaintiffs,<br><br>            v.<br><br>CCC Group, Inc., a Texas Corporation,<br>Defendants. | **Case:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Timothy Hicks ("Hicks") and Plaintiff Durwood Tallsalt ("Tallsalt) (collectively "Plaintiffs") by Amy J. Wallace, of Gillespie,  Shields & Durrant, their undersigned attorney of record, files this Complaint and Demand for Trial by Jury against CCC Group., Inc. a Texas Corporation, ("CCC"), for their claims for race, national origin and sex discrimination and retaliation in violation of Title VII of the federal Civil Rights Act of 1964,

1

as amended, specifically 42 U.S.C. 2000e-3(a) **(Counts One, Three and Five),** and multiple violations of 42 U.S.C. 1981 (racial discrimination in employment contract) **(Counts Two and Four).** This Complaint and Demand is filed pursuant to Federal Rules of Civil Procedure, Rules 3, 7(a)1, 8(a), 15(a) and 38(a,b).

## FIVE CLAIMS PRESENTED

Count One: Discrimination by national origin in employment (disparate treatment and hostile environment) in violation of 42 U.S.C. 2000e-2(a);

Count Two: Discrimination based upon race in employment contract performance in violation of 42 U.S.C. 1981 (disparate treatment and hostile environment);

Count Three: Retaliation for having opposed discrimination in employment by national origin by termination of employment, in violation of 42 U.S.C. 2000e-3(a);

Count Four: Retaliation for having opposed discrimination in employment by race by termination of employment in violation of 42 U.S.C. 1981.

Count Five: Retaliation for complaining of sexual harassment, in violation of 42 U.S.C. 2000e-3(a)

## FACT ALLEGATIONS AND JURISDICTION

1. Hicks and Tallsalt were at all times mentioned herein, residents of Yavapai County, AZ.

2. Hicks and Tallsalt are Native American (Navajo).

3. The Defendant CCC is a Texas corporation, a general contractor providing a wide range of industrial construction services throughout the United States and abroad.

3. At all times mentioned herein, CCC is a Foreign Corporation in good standing and licensed to do business in the State of Arizona, and doing business within the State of Arizona, with its domestic address in Maricopa County, Arizona.

4. All claims herein arise under federal law, to-wit: 42 U.S.C. 2000e-3(a), and 42 U.S.C. 1981.

5. At all times material to this Complaint:

(A) CCC was the "employer" of Hicks and Tallsalt as that term is defined in 42 U.S.C. 2000e (B); and

(B) Hicks and Tallsalt were each an "employee" of CCC as that term is defined in 42 U.S.C. 2000e (F); and

(C) At all times mentioned herein, CCC employs between 201-500 persons.

6. Based upon the foregoing, supra, this Court has jurisdiction for this action pursuant to 28 U.S.C. 1331, 28 U.S.C. 1343(a) 4, 42 U.S.C. 1988(a), and 42 U.S.C. 2000e-5(f) 1 & 3.

7. Hicks was hired by CCC as a Rigger Foreman (material handling). His immediate supervisor was Carter Labarge ("Labarge").

8. During his employment with CCC, Hicks was subjected to harassment by Labarge and others based on his race, Native American.

9. Labarge and the General Foreman, Charles Measles ("Measles") offered Hicks $10.00 to speak Navajo.

10. Foreman Dave Pinetop ("Pinetop") told Hicks that "…a lot of Indians get behind the wheel drunk." Pinetop also told Hicks that he "smells Indians" when he drives by bars, and called Hicks "Tanto" on more than one occasion.

11. Hicks complained to Measles about these comments but no action was taken.

12. In addition to the above comments, Hicks complained to Labarge and Measles about a sexually tainted environment in the workplace.

13. Specifically, Hicks told them that a Foreman wore a shirt that said, "I am not a gynecologist but I will take a look anyway"

14. Another Foreman accused two Native American employees of having sex in a "Hogan or sweat lodge." Hicks again reported this but no action was taken by CCC.

3

15. On June 11, 2009, Hicks was terminated from employment based on the pretext that Hicks had started a fight which was a false accusation and was never substantiated by CCC. The real reason for firing Hicks was to silence his complaints about sexual harassment, hostile environment and anti-Native American hostile environment.

16. During his employment with CCC, Tallsalt was subjected to harassment by Labarge and others based on his race, Native American.

17. In March 2009, Measles came up to Tallsalt and Shantel Hicks, Tallsalt's fiancé at the time, and said that they looked like they were in "one of them Hogans" to have sex. Measles then reported to Hicks that he had just caught Tallsalt and Shantel Hicks in a manner that suggested that the two were having sex.

18. Measles continued to use racial slurs while employed at CCC, directed at numerous times to Tallsalt.

19. Another Caucasian foreman called Tallsalt "Kimosabe" and "Tonto." Despite reporting this foreman's intoxication while operating heavy equipment, neither Measles nor Labarge took any action against this foreman.

20. Plaintiffs were accused of being intoxicated and using drugs on the job site and both were required to be drug and alcohol tested, which tests were negative. However no tests were similarly performed on the Caucasian foreman who was clearly intoxicated while operating the heavy machinery.

21. During a safety meeting in June 2009, a safety official said words to the effect that, "Texans hate Arizonans and Arizonans hate Texans, but everyone hates Navajos." CCC took no action in response to this comment.

22. In September 2009, two CCC employees said to Shantal words to the effect that, "You know, 200 years ago, you wouldn't even be here, you would be in the kitchen. I remind my wife of that every day."

4

23.     In September 2009, Tallsalt went into Measles' office and asked him a question. Measles responded with, "That f**king c**t needs to stay the f**k out of my business and worry about her f**king a**.

24.     Tallsalt also saw the inappropriate and offensive T-shirt referenced in paragraph 13 supra, but observed that there was no disciplinary action taken against the employee wearing it.

25.     On May 28, 2010 CCC released Tallsalt from his employment.

26.     CCC failed to act in a responsible and necessary manner to remedy the offensive, harassing, and discriminatory treatment that Plaintiffs were being forced to endure in order to maintain their employment.

27.     CCC acted with knowing and/or reckless disregard of the law and/or an evil and/or malicious intent by failing to remedy the racial, national origin and sex harassment and hostile work environment the Plaintiffs were forced to endure on a daily basis.

28. As the direct and proximate result of CCC's conduct alleged herein, Plaintiffs have suffered damages including, inter alia, depression, humiliation, embarrassment, a loss of income which continues to the present date, serious harm to their professional reputations, loss of self-esteem, and loss of the relationships with many of their co-workers at CCC.

**EEOC CHARGE-EXHAUSTION REQUIREMENT**

29.     Based upon these facts, on September 21, 2009, Hicks timely filed a "charge of discrimination" with the United States Equal Employment Opportunity Commission ("EEOC") alleging that he was discriminated against based on race discrimination and retaliation, Charge #846-2009-55441. A true copy of that EEOC charge is attached as Exhibit #1 infra, and incorporated herein by reference pursuant to Federal Rules of Civil Procedure Rule 10(c).

30. On November 30, 2011, the EEOC issued and mailed to Hicks its dismissal and Notice of Suit Rights for Charge #846-2009-55441 supra, authorizing this Complaint. A true

copy of that EEOC dismissal and notice is attached as Exhibit #2 infra, and incorporated herein by reference pursuant to Federal Rules of Civil Procedure Rule 10(c).  His Title VII discrimination claim was filed within ninety days of her receipt of that dismissal and notice.

31.  Based upon these facts, on October 9, 2009, Tallsalt timely filed a Charge of Discrimination ("Charge") with the United States Equal Employment Opportunity Commission ("EEOC") alleging that he was discriminated against based on race, sex and national origin discrimination and retaliation, #540-2009-04377. A true copy of that EEOC charge is attached as Exhibit #3 infra, and incorporated herein by reference pursuant to Federal Rules of Civil Procedure Rule 10(c).

32.  On December 14, 2011, the EEOC issued and mailed to Hicks its dismissal and Notice of Suit Rights for Charge #540-2009-04377 supra, authorizing this Complaint. A true copy of that EEOC dismissal and notice is attached as Exhibit #4 infra, and incorporated herein by reference pursuant to Federal Rules of Civil Procedure Rule 10(c).  His Title VII discrimination claim was filed within ninety days of her receipt of that dismissal and notice.

## **JURISDICTION AND VENUE**

33.  The United States District Court for Arizona has jurisdiction with respect to all four claims because all arise under federal law, pursuant to 28 U.S.C. 1331, and also pursuant to 28 U.S.C. 1343(a)4, 42 U.S.C. 1988(a), and 42 U.S.C.2000e-5(F) 1 & 3.   Venue is proper under 28 U.S.C. 1391 (b) and (c).

## **DEMAND FOR TRIAL BY JURY**

Hicks and Tallsalt demand a trial by jury, pursuant to the U.S. Constitution Seventh Amendment, Federal Rules of Civil Procedure Rule 38 (a,b), and 42 U.S.C. 1981a (a,c).

## **RELIEF REQUESTED**

Based upon the foregoing, Hicks and Tallsalt respectfully request judgment and orders granting them the following relief against Defendant CCC on his claims as follows:

COUNT ONE: DISCRIMINATION IN VIOLATION OF 42 U.S.C. 2000e-3(a):

1. Compensatory damages

2. Punitive damages

3. Injunctive relief

4. Reasonable attorney's fees and expert fees, pursuant to Federal Rules of Civil Procedure Rule 54(d) 2, and 42 U.S.C. 2000e-5(k)

5. Taxable costs pursuant to Federal Rules of Civil Procedure, Rule 54(d)1, and 28 U.S.C 1920

## COUNT TWO: VIOLATION OF 42 U.S.C. 1981 (RACIAL DISCRIMINATION IN EMPLOYMENT CONTRACT)

(Failure to Remedy Racial and National Origin Discrimination, False Discipline and False Negative Performance Review, and Wrongful Discharge)

1. Compensatory damages

2. Punitive damages

3. Attorneys fees and costs pursuant to 42 U.S.C. 1988(b), 42 U.S.C. 1920, and Federal Rules of Civil Procedure, Rule 54(d)

4. Expert fees pursuant to 42 U.S.C. 1988(c).

## COUNT THREE: RETALIATION IN VIOLATION OF 42 U.S.C. 2000e-3(a):

1. Compensatory damages

2. Punitive damages

3. Injunctive relief

4. Reasonable attorney's fees and expert fees, pursuant to Federal Rules of Civil Procedure Rule 54(d) 2, and 42 U.S.C. 2000e-5(k)

5. Taxable costs pursuant to Federal Rules of Civil Procedure, Rule 54(d)1, and 28 U.S.C 1920

## COUNT FOUR: RETALIATION IN VIOLATION OF 42 U.S.C. 1981

1. Compensatory damages

7

2. Punitive damages

3. Injunctive relief

4. Reasonable attorney's fees and expert fees, pursuant to Federal Rules of Civil Procedure Rule 54(d) 2, and 42 U.S.C. 2000e-5(k)

5. Taxable costs pursuant to Federal Rules of Civil Procedure, Rule 54(d)1, and 28 U.S.C 1920

COUNT FIVE: RETALIATION IN VIOLATION OF 42 U.S.C. 2000e-3(a)

1. Compensatory damages

2. Punitive damages

3. Injunctive relief

4. Reasonable attorney's fees and expert fees, pursuant to Federal Rules of Civil Procedure Rule 54(d) 2, and 42 U.S.C. 2000e-5(k)

5. Taxable costs pursuant to Federal Rules of Civil Procedure, Rule 54(d)1, and 28 U.S.C 1920

Dated this 15th day of February, 2012.

**GILLESPIE, SHIELDS & DURRANT**

s/ _____
Amy J. Wallace
Attorneys for Plaintiffs

**ATTACHED EXHIBITS**

1. EEOC charge # 846-2009-55441, filed by Hicks on September 21, 2009.

2. EEOC Dismissal and Notice of Right to Sue for charge #846-2009-55441, dated November 30, 2011.

3. EEOC charge # 540-2009-04377 filed by Tallsalt on October 9, 2009.

4.  EEOC Dismissal and Notice of Rights (to Sue) for charge #540-2009-04377, dated December 14, 2011.

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 15, 2012, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to all following CM/ECF registrants:

          s/_____
          Lisa McGarvin